19-503-cv
*Clones Investment, LLC v. The People's Insurance Co., et al.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            ROBERT D. SACK,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges*,

_____

CLONES INVESTMENT, LLC,

                *Plaintiff-Appellant,*                          19-503-cv

                v.

THE PEOPLE'S INSURANCE COMPANY OF CHINA PROPERTY
AND CASUALTY COMPANY LIMITED,

                *Defendant-Appellee,*

THE PEOPLE'S INSURANCE COMPANY OF CHINA,

                *Defendant.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Jay S. Hellman and Joseph A. Asselta,
                                                Forchelli Deegan Terrana LLP,
                                                Uniondale, NY.

1

**FOR DEFENDANT-APPELLEE:**            James A. Saville, Jr., Hill Rivkins LLP, New York, NY.

Appeal from a January 31, 2019 judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Clones Investment, LLC ("Clones") appeals from a January 31, 2019 judgment of the District Court denying summary judgment to Clones on its claim for breach of contract under an "all risks" marine cargo insurance policy (the "policy"), denying Clones' motion to preclude a customs declaration, and, based largely on that customs declaration, granting summary judgment to Defendant-Appellee, The Peoples Insurance Company of China Property and Casualty Company Limited ("PICC"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Clones argues that the District Court erred in denying its motions for preclusion and summary judgment, and in granting PICC's motion for summary judgment. We address each issue in turn.

## I.      The District Court Properly Granted PICC's Motion for Summary Judgment.

We review *de novo* a district court's grant of summary judgment. *See Aulicino v. N.Y.C. Dep't of Homeless Servs.*, 580 F.3d 73, 79 (2d Cir. 2009). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Clones argues that the District Court erred in concluding that Tianjin Sinuoda Yard (the "Yard"), to which the shipping containers were delivered on August 21st and 22nd, 2014, was not part of Xingang Port (the "Port") for the purposes of whether or not the policy attached upon that delivery. After considering Clones' submitted documents and testimony, the District Court found that Clones did not offer any admissible evidence that the Yard is in fact a part of the Port, and therefore failed to meet its burden of proof. By contrast, PICC was able to produce admissible testimony that the Yard and the Port were separate locations, and that the entry to the Port to which the containers were subsequently delivered was approximately 15 kilometers away from the Yard. Accordingly, the District Court correctly determined that the policy's coverage did not begin upon the containers' delivery to the Yard.

We also agree with the District Court's conclusion that there was no genuine factual dispute that the loss of the copper wire occurred prior to the containers' delivery to the Port, and thus prior

to the policy's commencement of coverage. The timeline of undisputed facts, including the customs declaration prepared at the Port, indicates that the wire was stolen before the containers were received there. Based on the record before us, the District Court properly granted PICC's motion for summary judgment because the undisputed facts show that it did not breach the terms of the policy in refusing to pay Clones for the loss.

## II. The District Court Correctly Denied Clones' Motion to Preclude the Customs Declaration.

We review a challenge to a district court's decision on the admissibility of evidence for abuse of discretion. *See Jones v. Spentonbush-Red Star Co.*, 155 F.3d 587, 592 (2d Cir. 1998). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

Clones argues that the District Court erroneously denied its motion to preclude the customs document that PICC obtained from the Chinese government. In considering whether preclusion of information is warranted under Federal Rule of Civil Procedure 37(c)(1), a district court must consider "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the [evidence]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new [evidence]; and (4) the possibility of a continuance." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (alteration omitted); *see also Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (noting that preclusion of evidence is a "harsh remed[y] and should be imposed only in rare situations"). Based on the District Court's careful and well-reasoned analysis of each of these factors with respect to the customs document, we cannot conclude that the District Court abused its discretion. With respect to Clones' arguments regarding its inability to corroborate the document's authenticity, the Liu Affidavit provided sufficient support to establish the customs declaration as authentic. We therefore find no reason to disturb the District Court's denial of Clones' preclusion motion.

## CONCLUSION

We have reviewed all of the arguments raised by Clones on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 31, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3